Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone:  (310) 424-5557
Facsimile :  (310) 546-5301

Attorney for: Putative John Doe No. 5 in 12-3614
            Putative John Doe No. 10 in 12-3615
            Putative John Doe No. 9 in 12-3622

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1 through 10,<br><br>Defendants. | Case No.: CV-12-1642-RGK-SS<br><br>Assigned to Hon. R. Gary Klausner<br>Referred to Suzanne H. Segal<br><br>**JOHN DOES' REQUEST FOR CLARIFICATION RE: COURT'S ORDER TO SHOW CAUSE OF JULY 10, 2012** |

**REQUEST FOR CLARIFICATION**

Having noted the transfer of Malibu Media's 30+ cases to the jurisdiction of this Court, and reviewed the Court's Case Management Order issued July 10, 2012, the John Does noted above respectfully request clarification from the Court on the following:

First, the order to show cause in writing re: dismissal for personal jurisdiction is directed to the "parties." Is the Court ordering the John Does to brief this issue? If so, this firm would be happy to do so, at least on behalf of the John Does that it represents. However, absent such an order, this firm was not otherwise planning to brief personal jurisdiction on behalf of its clients. Unlike similar cases in other districts involving thousands of Does from around the country, it may be that Malibu Media switched tactics and seeks in these cases to "shake down" only people who reside in California.

Second, although the Court's case management orders vacates all previous orders authorizing Malibu Media to conduct early discovery, some clarification would be useful as to what this means with respect to subpoenas previously authorized and already issued and served. This firm has recently been contacted by several John Does whose subpoena return dates are in mid and late July, and would appreciate clarification as to what effect the Court's OSC has regarding outstanding subpoenas. This is a needle Malibu Media has tried to thread before.

Third, would the Court be willing to entertain an *ex parte* application seeking to stay the return date of any outstanding subpoenas pending consideration of an omnibus motion going to the substantive rights of the John Does? In this regard, whenever appropriate, this firm intends to re-file such an omnibus motion that speaks to why Does 2-10 should be severed and their cases dismissed, and outstanding subpoenas quashed, and a protective order entered, in light of Malibu Media's "abusive litigation tactics,"[1] among other reasons. Such an omnibus motion, now vacated, can be found at 12-cv-3614, Dkt. No. 14.

---

[1] *In re: BitTorrent Adult Film Copyright Infringement Cases,* E.D.N.Y. Case No. CV-11-3995-DRH-GRB, Dkt. No. 39, 5/1/2012 (report and recommendation of Magistrate Judge Gary Brown, who was assigned all pornographic mass infringement cases in his District, including cases filed by Malibu Media).

Respectfully submitted, July10, 2012,

| _/s/ Morgan E. Pietz_ | |
|---|---|
| Morgan E. Pietz (Cal. Bar No. 260629)<br>THE PIETZ LAW FIRM<br>3770 Highland Ave., Ste. 206<br>Manhattan Beach, CA 90266<br>mpietz@pietzlawfirm.com<br>Telephone:   (310) 424-5557<br>Facsimile:    (310) 546-5301 | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2012, the foregoing was submitted to the CM/ECF system which will send notification of such filings to the parties.

                                                _/s/ Morgan E. Pietz_
                                                Morgan E. Pietz