Leemore Kushner (SBN 221969)
KUSHNER LAW GROUP
801 North Citrus Avenue
Los Angeles, California 90038
Telephone:  (323) 515-7894
Facsimile:  (323) 544-8170
Email: lkushner@kushnerlawgroup.com

Adam M. Silverstein (SBN 197638)
CAVALLUZZI & CAVALLUZZI
9200 Sunset Boulevard, Suite 807
Los Angeles, California 90069
Telephone: (310) 246-2601
Facsimile: (310) 246-2606
Email: adam@cavalluzzi.com

Attorneys for Plaintiff Malibu Media, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1 through 10,<br><br>Defendants. | Case No. CV 12-1642 RGK (SSx)<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE THAT PERSONAL JURISDICTION IS PROPER** |

I.      **INTRODUCTORY STATEMENT**

Statistics demonstrate that the Internet Protocol Address ("IP Address") geolocation tracing process used by Plaintiff accurately predicted in prior cases that a Doe defendant's IP Address traces to the correct state in which Plaintiff files suit 100% of the time.  The score is 468 out of 468.  Ninth Circuit law requires that a Plaintiff be given an opportunity to identify unknown defendants unless it is "clear" that the discovery would not identify the defendants or the complaint would be dismissed on other grounds.  Here, there is no evidence upon which to base a finding that it is "clear" – meaning free from doubt, sure, unambiguous[1] – that California lacks personal jurisdiction over the Doe Defendants. Additionally, Ninth Circuit precedent holds that Plaintiff's uncontradicted jurisdictional allegations should be accepted as true.  Finally, Plaintiff should be afforded a remedy to enforce its right to sue online infringers.  For these reasons, as more fully explained below, Plaintiff respectfully requests that this Honorable Court find that Plaintiff has satisfied its burden of pleading that California has personal jurisdiction over the Doe defendants.

I.      **FACTS**

Prior to alleging that jurisdiction is proper and shortly after Defendants' infringements, all IP addresses were cross-referenced against a geolocation database. The applicable city and state information provided by that database was imported directly onto Exhibit A to each respective Complaint.  *See* Complaint, Ex. A. The same process was used in Plaintiff's Federal BitTorrent copyright infringement cases nationwide (the "Subject Suits").

The subpoena responses received by Plaintiff to date in the Subject Suits

---

[1] See Black's Law Dictionary (9th ed. 2009).

1   confirm that 468 of the 468 Doe Defendants were traced to the state predicted in the

2   applicable Exhibit A. Declaration of Emilie Kennedy ("Kennedy Dec."), ¶ 6(b).  In

3   fact, the city traces set forth on Exhibit A accurately predicted the district where the

4   infringement occurred 99.6% of the time (481 out of 483).[2-3]  Kennedy Dec., ¶ 6(e).

5   **II.   ARGUMENT**

6   **A. The Court Has Personal Jurisdiction Over the John Doe Defendants**

7       This Court has personal jurisdiction over the Doe Defendants pursuant to

8   California Code of Civil Procedure § 410.10 which provides: "A court of this state

9   may exercise jurisdiction on any basis not inconsistent with the Constitution of this

10  state or of the United States."   "California's long-arm statute…is co-extensive with

11  federal due process requirements, [so] the jurisdictional analyses under state law and

12  federal due process are the same."   Collegesource, Inc. v. Academyone, Inc., 653

13  F.3d 1066, 1073 (9th Cir. 2011).  Prior to an evidentiary hearing, "the plaintiff need

14  make only a prima facie showing of jurisdictional facts to withstand the motion to

15  dismiss [for lack of personal jurisdiction.]   That is, the plaintiff need only

16  demonstrate facts that if true would support jurisdiction over the defendant."

17  Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995).

18      In a long line of cases, only a few of which are cited below, the Ninth Circuit

19  has repeatedly held that in the context of ascertaining whether a court has personal

20  jurisdiction over a defendant, the "[u]ncontroverted allegations in plaintiff's

21  complaint must be taken as true. . . ."  Doe v. Unocal Corp., 248 F.3d 915, 922 (9th

22  _____

23  [2]One response indicated a Doe defendant resided .9 miles from the District of Columbia where
24  Plaintiff sued him.  The other placed a Doe defendant in the Northern District of Florida when
    Plaintiff sued him in the Middle District of Florida.  Kennedy Dec., ¶ 6(e).

25  [3] Should the Court request, Plaintiff will file the subpoena responses and correlating Exhibit As.
    The responses, however, would need to be redacted to delete Defendants' identifying information
26  about the defendants' addresses except for the city. Absent a court order, filing unredacted copies
    of the subpoena responses would be in breach of Plaintiff's settlement agreements.
27

28

Cir. 2001);  AT&T v. Compagnie Burxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Rio Props, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002).

### B. Plaintiff Properly Pled That This Court Has Personal Jurisdiction

Plaintiff properly pled that this Court has jurisdiction over the Doe Defendants by alleging:

> As set forth on Exhibit A, each of the Defendants' acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore pursuant to Cal. Civ. Proc. Code § 410.10, this Court has personal jurisdiction over each Defendant because each Defendant committed the tortious conduct alleged in this Complaint in the State of California, and (a) each Defendant resides in the State of California, and/or (b) each Defendant has engaged in continuous and systematic business activity in the State of California.

Complaint at ¶4.  It is axiomatic that a state has personal jurisdiction over its residents and those people who engage in continuous and systematic business activity within it.  See Gator.com Corp. v. L.L. Bean, 341 F.3d 1072 (9th Cir. 2003) (discussing general jurisdiction).

### C. To Deny Discovery It Must be "Clear" That the Complaint Would be Dismissed On Other Grounds

In at least six different opinions, the Ninth Circuit *reversed* a district court's refusal to permit discovery to identify John Doe Defendants, and held that "situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, *the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds.*" Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (emphasis added);  Wakefiled v. Thompson, 177 F.3d 1160, 1162 (9th Cir. 1999) (same); McMillan v. U.S. Dept. of Interior, 87 F.3d 1320, 1320-21 (9th Cir. 1996) (same); Quick v. Dupnick, 951 F.2d 361, 361 (9th Cir. 1991)

3

1  (same); <u>Marin-Torres v. Washington</u>, 196 Fed.Appx. 564, 565 (9th Cir. 2006)

2  (same).  <u>Accord</u> <u>Player v. Gomez</u>, 242 F.3d 549 (9th Cir. 2000) ("Player also named

3  100 Doe defendants  . . . .  Because it is not clear that discovery would not uncover

4  the identity of the unknown defendants or that the amended complaint should be

5  dismissed  . . . the district court abused its discretion . . . ," citing <u>Gillespie</u>.).[4]

6  ### D. <u>Copyright Owners Must Have a Process To Sue Online Infringers</u>

7         Congress enacted the Digital Theft Deterrence Act of 1999 to deter online

8  infringement by increasing the penalties therefor.  <u>See</u> <u>Sony v. Tennenbaum</u>, 660

9  F.3d 487, 497 (1st Cir. 2011) (citing the Congressional record and holding that non-

10  commercial individuals commit infringement by distributing copyrighted works

11  online).  Both the Ninth Circuit and the Supreme Court have held that file sharing of

12  copyrighted works is infringement.  <u>See</u> <u>Metro-Goldwyn-Mayer Studios Inc. v.</u>

13  <u>Grokster, Ltd</u>. 545 U.S. 913, 125 S.Ct. 2764 (2005); <u>A&M Records, Inc. v. Napster,</u>

14  <u>Inc.</u>, 239 F.3d 1004, 1013 (9th Cir. 2001). Two other circuit courts opined that Rule

15  45 subpoenas may be used to identify online copyright infringers.  <u>See</u> <u>In re Charter</u>

16  <u>Communications, Inc. Subpoena Enforcement Matter</u>, 393 F.3d 771, 774 (8th Cir.

17  2005); <u>Arista Records, LLC. v. Doe 3</u>, 604 F.3d 110 (2d Cir. 2010).  The Register of

18  Copyrights testified before Congress that adult entertainment companies have the

19  right to sue for peer-to-peer infringement and they should not apologize for doing

20  so.[5]   Courts unanimously hold that Plaintiff's First Amendment right under the

21

22  [4] Here, Plaintiff pled that the Doe Defendants committed the infringement. Black letter law
requires the Court to accept these allegations as true.  "Rule 12(b)(6) does not countenance ...
dismissals based on a judge's disbelief of a complaint's factual allegations." <u>Bell Atl. Corp. v.</u>
23  <u>Twombly</u>, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).  Additionally,
Plaintiff provided a declaration from Tobias Fieser stating that the requested discovery would
24  identify the Doe Defendants.  [<u>See</u> Docket no. 5.]  Thus, Plaintiff satisfied the first prong of the
<u>Gillespie</u> test.
25

26  [5] <u>Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks</u>
<u>Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary</u>
27  108th Cong. (2003) <u>available at</u> http://www.copyright.gov/docs/regstat090903.html

28                                                    4

1  Petition clause to bring a suit for infringement outweighs any First Amendment right
2  proffered by an alleged infringer.  See e.g., Sony Music Entertainment, inc. v. Does
3  1-40, 326 F.Supp.2d 556 (S.D.N.Y. 2004).

4       The only way to enforce one's copyrights against online infringement is to
5  subpoena the identity of the subscriber whose internet was used to commit the
6  infringement.  Without this ability, copyright owners would have a right without a
7  remedy.  Any such state of affairs would violate Chief Justice Marshall's often cited
8  rule that "the very essence of civil liberty certainly consists in the right of every
9  individual to claim the protection of the laws, whenever he received an injury."
10  Marbury v. Madison, 1 Cranch 137, 1803 WL 893, *17 (U.S. 1803).  Chief Justice
11  Marshall continued "[t]he government of the United States has been emphatically
12  termed a government of laws, and not of men.  It will certainly cease to deserve this
13  high appellation, if the laws furnish no remedy for the violation of a vested legal
14  right." Id.  The U.S. still deserves that high appellation because it steadfastly creates
15  remedies when vested rights that have been infringed.  This case is no exception.
16  Our government and laws provide copyright owners with the ability to ascertain the
17  identity of infringers through a Rule 45 subpoena when, as here, there is no basis for
18  dismissing the complaint on other grounds.

19  **III.  CONCLUSION**

20       For the foregoing reasons, Plaintiff respectfully requests that it has met its
21  burden of pleading that this Court has personal jurisdiction over the Defendants.

22  DATED: July 23, 2012          KUSHNER LAW GROUP

24            By:   /s/ Leemore L. Kushner
25            Leemore L. Kushner
26            Attorneys for Plaintiff Malibu Media, LLC

28