Leemore Kushner (SBN 221969)
KUSHNER LAW GROUP
801 North Citrus Avenue
Los Angeles, California 90038
Telephone: (323) 515-7894
Facsimile: (323) 544-8170
Email: lkushner@kushnerlawgroup.com

Attorneys for Plaintiff Malibu Media, LLC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1 through 10,<br><br>Defendants. | Case No. CV 12-1642 RGK (SSx)<br><br>**PLAINTIFF'S FURTHER RESPONSE TO ORDER TO SHOW CAUSE THAT PERSONAL JURISDICTION IS PROPER** |

## I. INTRODUCTION

This brief is in response to the Court's July 24, 2012 request that Plaintiff submit further briefing to address the geolocation tools utilized by Plaintiff to identify the location of the IP addresses associated with the Doe defendants, and the accuracy and reliability of that technology.

## II. PROCEDURE FOR IDENTIFYING GEOLOCATION

Plaintiff's procedure for verifying the geographic location of the Doe defendants is simple and accurate, and establishes that California and this Court have jurisdiction over the Doe defendants. First, Plaintiff's investigator, IPP Limited ("IPP"), a company in the business of providing forensic investigation services to copyright owners, identifies the Internet Protocol ("IP") addresses that are being used by individuals using BitTorrent protocol to reproduce, distribute, display or perform Plaintiff's copyrighted works. [Docket no. 5 (Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference, ¶¶ 4-5, 13-18).] IPP's investigation reveals the IP addresses, the Cryptographic Hash Value associated with the torrent file or copyrighted work(s) ("hash value"), and the date and time of each Defendant's infringement ("hit date"). Declaration of Emilie Kennedy ("Kennedy Dec."), ¶ 4.

Thereafter, Plaintiff utilizes Maxmind® Premium's IP geolocation tracing service to determine the geographic location of the IP addresses associated with each Doe defendant. Kennedy Dec. ¶¶ 5-6. Plaintiff enters the IP addresses provided by IPP into Maxmind's® database, and Maxmind's® database identifies the city and state that the IP addresses are traced from. Plaintiff then files suit against each Doe defendant in the proper jurisdiction associated with that Doe defendant's geolocation. This is the procedure utilized in Plaintiff's BitTorrent infringement cases filed before this Court, and filed on behalf of Plaintiff nationwide.

Statistics demonstrate that this process is accurate. As set forth in Plaintiff's initial response to the Court's Order to Show Cause, this process accurately traced the state of each Doe defendant 100% of the time. [Docket no. 24-1, ¶ 6.] The score nationwide is 468 out of 468. Id. This process has proven 100% accurate in the Central District of California. Kennedy Dec., ¶ 7. Although this statistical data is based on past events, courts and Congress routinely rely on this exact same type of evidence to predict the probability that a future event will occur. See e.g., Castanda v. Partida, 430 U.S. 482, 495-496 (1977) (relying heavily on statistical evidence to predict the probability of a future event); U.S. v. Johnson, 2012 WL 2708549 (7th Cir. 2012) ("the probability that he will die before he is released can be calculated . . . from statistics").

These statistics are not the result of random chance. Indeed, in connection with this brief, on July 26-27, 2012, Plaintiff used Maxmind's® Premium geolocation tracing service to retrace the IP addresses in this case and all of the related cases pending before this Court. Kennedy Dec., ¶ 8. Each of the IP Addresses in these suits *still* traces to a location within the Central District of California. Id. Plaintiff has thus made a prima facie showing of personal jurisdiction, and there is no evidence before this Court that undermines Plaintiff's allegations.

### III. PLAINTIFF MADE A PRIMA FACIE SHOWING OF PERSONAL JURISDICTION

At this stage of the litigation, Plaintiff needs only to make a prima facie showing of personal jurisdiction to survive dismissal. Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1127 (9th Cir. 2010); BJI Energy Solutions, LLC v. Artemis Tech. dba Alpha-Lite, 2004 WL 1498164 (C.D.Cal. June 17, 2004). "To establish a prima facie showing of personal jurisdiction, plaintiff must set forth some evidentiary basis to support the allegations offered in the complaint." Id. at

2
Plaintiff's Response to Order to Show Cause That Personal Jurisdiction Is Proper

*1.    Once the prima facie case is established, the burden shifts to defendant to establish that jurisdiction is unreasonable. <u>Id.</u>  A defendant may not simply contest the factual allegations made by the plaintiff, but instead must demonstrate additional considerations which undermine the court's personal jurisdiction over the defendant to overcome the plaintiff's prima facie showing. <u>Id.</u>

Here, the Court has before it the uncontroverted allegations in the Complaint that personal jurisdiction exists over each Doe defendant. Plaintiff alleged in its Complaint that the Doe defendants reside in California. Complaint, ¶ 5. In Exhibit A to the Complaint, Plaintiff also specifies the cities in which the Doe defendants reside.  *See* Complaint, Ex. A.  Based on Plaintiffs' jurisdictional allegations, numerous courts have found that Plaintiffs alleged sufficient facts to show that they are likely to withstand a motion to dismiss for lack of personal jurisdiction. *See, e.g.,* <u>Malibu Media v. Does 1-9</u>, Case No. CV12-1049, Docket no. 7 at pp. 5-6 (S.D.Cal. June 12, 2012); <u>Malibu Media v. Does 1-19</u>, 2012 WL 2152061 at * 4 (S.D.Cal. June 12, 2012); <u>Malibu Media v. Does 1-11</u>, Case No. CV12-1061, Docket no. 5 at pp. 5-6 (S.D.Cal. July 17, 2012).

<u>808 Holdings, LLC v. Collective of December 29, 2011 Sharing Hash</u>*,* 2012 WL 1648838 (S.D.Cal. May 4, 2012), is instructive. The plaintiff in that case filed suit against eighty-three unknown defendants.  The court allowed plaintiff to proceed against five of the eighty-three defendants because, like here, the complaint alleged that those five defendants reside in California and within the Southern District. In contrast, the court did not grant plaintiff leave to serve subpoenas to discover the identities of the other seventy-eight defendants because the complaint alleged that those defendants either resided outside of California or outside the jurisdiction of the Southern District or were in unknown locales. <u>Id.</u> at *3.

3
Plaintiff's Response to Order to Show Cause That Personal Jurisdiction Is Proper

Here, Plaintiff has alleged that each Doe resides in the Central District of California and has specified the city within the Central District wherein each Doe resides. Plaintiffs' track record speaks for itself.

## IV. ALTERNATIVE METHODS OF ENSURING THAT PERSONAL JURISDICTION EXISTS

These cases should not be dismissed for lack of personal jurisdiction because the uncontroverted allegations of the Complaint are sufficient to make a prima facie showing that personal jurisdiction exists. If the Court continues to have concerns regarding personal jurisdiction, Plaintiff suggests that the Court issue a protective order requiring Plaintiff to promptly dismiss a Doe defendant and cease contact with him or her if it is discovered that the Doe defendant does not reside in California and within the Central District. In the alternative, the Court may issue a protective order providing that the identities of the Doe Defendants will not be provided to Plaintiff or used in any manner by Plaintiff's counsel until Plaintiff submits a report to the Court confirming that the Doe defendants' IP Addresses trace to a location within California.

In light of the foregoing, there is simply no risk of any harm or prejudice to the Doe defendants. Conversely, unless Plaintiff is permitted to proceed with its claims against the Doe Defendants, Plaintiff's constitutional right to sue for infringement committed over the internet will be annihilated. Any such holding would undermine the express policy behind the Digital Theft Deterrence Act of 1999, which Congressional Records establish was enacted specifically to deter online infringement.[1]

---

[1] Congress did contemplate that suits like this [against individuals] were within the Act. Congress last amended the Copyright Act in 1999 to increase the minimum and maximum awards available under § 504(c). See Digital Theft Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No. 106-160, 113 Stat. 1774. At the time, Congress specifically acknowledged that consumer-based,
(footnote continued)

4

Plaintiff's Response to Order to Show Cause That Personal Jurisdiction Is Proper

## V. CONCLUSION

For the foregoing reasons and for the reasons set forth in Plaintiff's initial brief regarding personal jurisdiction [Docket no. 24], Plaintiff respectfully submits that it has met its burden of pleading that this Court has personal jurisdiction over the Defendants, and requests that the Court reinstate all of the outstanding subpoenas issued by Plaintiff.

DATED: July 27, 2012         KUSHNER LAW GROUP

                             By:   /s/ Leemore L. Kushner
                                   Leemore L. Kushner
                                   Attorneys for Plaintiff Malibu Media, LLC

---

noncommercial use of copyrighted materials constituted actionable copyright infringement. Congress found that "copyright piracy of intellectual property flourishes, assisted in large part by today's world of advanced technologies," and cautioned that "the potential for this problem to worsen is great."  <u>Sony v. Tennenbaum</u>, 2011 WL 4133920 at *11 (1st Cir. 2011) (emphasis added).